IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROSE M. SUMMITT                                              PLAINTIFF

VS.                       No. 3:24-cv-00242 PSH

LELAND DUDEK,[1] Acting Commissioner,
    Social Security Administration                           DEFENDANT

# ORDER

Plaintiff Rose M. Summitt ("Summitt") appeals the final decision of the Commissioner of the Social Security Administration (defendant "Dudek") to deny her claim for Supplemental Security Income ("SSI"). Summitt contends the Administrative Law Judge ("ALJ") erred by failing to explain how any material inconsistencies or ambiguities were resolved, as required by Social Security Rule 96-8p. Specifically, Summitt cites two State agency consultants and their finding that she was unable to carry out "detailed instructions." Summitt contends the ALJ adopted a residual functional capacity ("RFC") which conflicted with the

---

[1] Leland Dudek became the acting Commissioner of Social Security in February 2025, and the Clerk is directed to substitute Dudek as the defendant. Fed.R.Civ.P. 25(d).

1

consultants' opinions, and that the ALJ failed to offer any explanation for the deficient RFC. Dudek maintains no conflict exists between the RFC and the opinions rendered by the agency consultants. Dudek is correct, and the ALJ's decision is affirmed and the case dismissed.

The parties ably summarized the medical records and the testimony given at the administrative hearing, which was conducted on January 17, 2024. (Tr. 47-70). The Court has carefully reviewed the record to determine whether there is substantial evidence to support Dudek's decision. 42 U.S.C. § 405(g).

Following the administrative hearing the ALJ, in his May 8, 2024, decision, determined Summitt could "understand, remember, and carry out simple but not complex instructions." Doc. No. 7-2, page 32. The phrase *simple but not complex instructions* was used by the ALJ in his RFC assessment as well as in the question posed to the vocational expert. *Id.* at 33, 67. The ALJ considered the opinions of Kevin Voss, Ph.D., and Abesie Kelly, Ph.D., who both concluded Summitt could "understand and remember simple but not *detailed or* complex instructions." Doc. No. 7-3 at 79, 90. The ALJ found these opinions "generally persuasive." *Id.* at 38. So, the question is whether the ALJ erred by failing to include the words *"detailed or"* in Summitt's RFC and in the hypothetical question posed to the vocational expert. There is no error.

Summitt relies upon *Gann v. Berryhill*, 864 F.3d 947 (8th Cir. 2017), where the plaintiff's doctors found that her ability to adapt to a work environment was "highly marginal." *Id.* at 952–53. Although the ALJ found the doctors "credible" and gave "significant weight" to their opinions, his RFC "failed to include *anything* about adaptation restrictions in the RFC assessment in the hypothetical posed to the VE ..." *Id.* at 952. (emphasis added). Consequently, the vocational expert's testimony given in response to the hypothetical question based on the RFC was not substantial evidence. *Id.*

Here, the ALJ limited Summitt to simple but not complex instructions, differing only slightly from the agency consultants' limitation to simple but not detailed or complex instructions. This slight difference is distinguishable from the omission in *Gann*. Other cases support this conclusion.

In *Deck v. Kijakazi*, Case No. 1:22CV8 SNLJ, 2022 WL 13688874 at *4 (E.D. Mo. Oct. 21, 2022), the consultative opinions limited the plaintiff to workplace changes that were "predicable and introduced gradually" while the ALJ's RFC limited the claimant to perform only "routine tasks" and "limited to work that requires only occasional changes in the work setting." The Court found "the ALJ properly incorporated the medical opinions' recommendations into the RFC" because the limitation in the RFC was "essentially the same" as the one

3

recommended in the medical opinions. *Id.* The plaintiff had "failed to define any meaningful difference between the two." *Id.*

In *Landing v. O'Malley*, No. 1:23-CV-144-ACL, 2024 WL 4332054, at *6–7 (E.D. Mo. Sept. 27, 2024), the physician opined the plaintiff was best suited for a job with minimal interaction with the general public while the ALJ limited plaintiff to "no more than occasional" interaction with the general public. *Id.* That Court distinguished the facts from *Gann*, also noting "the Court's deferential standard of review precludes 'labeling findings inconsistent if they can be harmonized.' *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018)." *Id.*

A case strikingly similar to the present case is *Gaoee T. v. Kijakazi*, No. 22-CV-1992 (JFD), 2023 WL 5899124, at *6–7 (D. Minn. Sept. 11, 2023):

> State agency consultant Dr. Jeffrey Boyd opined that Plaintiff could "carry out routine, repetitive and 3–4 step tasks with adequate persistence and pace" but "would be markedly limited for *detailed* or complex/technical tasks" and that Plaintiff could "handle the stresses of a routine repetitive or a 3–4 step work setting" but could not handle "the stresses of a *detailed* or complex work setting." (R. 178) (emphases added). The ALJ found Dr. Boyd's opined mental limitations "most persuasive" but did not include the word "detailed" in the RFC. In relevant part, the RFC limited Plaintiff to "routine repetitive not complex types of tasks and instructions, and the tasks are fixed and predictable from day to day as well as no fast pace high production goal or quota type tasks, such as on an assembly line." (R. 35.) Plaintiff contends that the ALJ's failure to include the word "detailed" in the RFC violated *Gann v. Berryhill*, 864 F.3d 947 (8th Cir. 2017). (Pl.'s Mem. at 27.) . . .

4

> The limitations omitted by the ALJ in *Gann* (a highly marginal ability to adapt to a work environment, a moderately limited ability to respond to changes in the workplace, and an inability to do work requiring an intense or frequent change in routine) were far more comprehensive than the single word "detailed." The Court therefore finds *Gann* distinguishable; the omission of the word "detailed" from Plaintiff's RFC was not comparable to the error in *Gann*. *Moreover, other language in the RFC covered the same functional ground as the word "detailed."* Specifically, the ALJ determined that Plaintiff could perform routine, repetitive, or non-complex tasks and instructions, as long as the tasks were fixed, predictable, and not fast-paced or high-production goal-or-quota-type tasks. These limitations adequately ruled out "detailed" tasks or a "detailed" work setting. (emphasis added).

*Id. See also Jamie K. v. Kijakazi*, No. 8:21-CV-373, 2022 WL 3577013, at *10 (D. Neb. Aug. 19, 2022) ("Moreover, the reasoning limitations in Jamie K.'s RFC appear substantially similar to the medical opinions that the ALJ found 'generally persuasive.' Both Dr. Braymen and Dr. Newman concluded that Jamie K. is 'moderately limited' in her 'ability to carry out detailed instructions,' while Dr. Mathisen opined that Jamie K. could understand 'short and simple instructions.' (citations omitted). The RFC and the ALJ's hypothetical to the VE limited Jamie K. to carrying out 'entry-level simple routine tasks.' (citations omitted). Unlike *Gann*, the Court perceives no inconsistency between these medical opinions and Jamie K.'s RFC.").

Summitt concedes that a difference between the wording of the RFC and

...

medical opinions is not "automatic error" and an ALJ need not adopt verbatim the medical opinions. Doc. No. 8, page 8, quoting *Wyatt v. Kijakazi*, 2023 WL 6629761 (8th Cir. Oct. 12, 2023). Her claim, however, that the differing language in this instance amounted to a "material" difference fails. The Court agrees with the cited cases distinguishing *Gann*, and finds no inconsistency requiring explanation by the ALJ. As described in *Deck, supra,* the limitation in the ALJ's RFC and in his question to the vocational expert was "essentially the same" as the limitations given by the agency consultants.[2]

Having found no conflict to be resolved in the RFC, it follows that the hypothetical question based upon the RFC was not in error.

In summary, substantial evidence supports the determinations reached by the ALJ. The Court is mindful that its task is not to review the record and arrive at an independent decision, nor is it to reverse if some evidence supports a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is amply satisfied in this case.

---

[2] Summitt also concedes that the portions of the agency consultants' opinions adopted by the ALJ – restricting her to simple but not complex instructions – were compatible with reasoning level two work. Doc. No. 8, page 11. The jobs identified by the ALJ as available to Summitt (production assembler, marker, and router) were SVP 2,

IT IS THEREFORE ORDERED that the final decision of Dudek is affirmed and Summitt's complaint is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

or level two reasoning, jobs.  Doc. No. 7-2, page 68.